UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN K. TOSCANO,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | **CASE No. 1:17-cv-00292-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**CLERK TO TERMINATE MOTIONS AND CLOSE CASE**<br><br>**DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

His complaint is before the Court for screening.

**I.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

2

### III. Plaintiff's Allegations

Plaintiff is incarcerated at Pelican Bay State Prison, but complains of acts that occurred at Corcoran State Prison. He names the following defendants: (1) CDCR Director Scott Kernan, (2) CDCR DRR Director J. Macomber, (3) DRB Member and "Chief of CSU" B. Moak, (4) DRB Member and Correctional Counselor I E. Park, (5) Correctional Lieutenant M. Lujan, (6) Deputy Attorney General Byron Miller, and (7) Magistrate Judge Erica P. Grosjean.

His allegations may be summarized essentially as follows:

On September 23, 2016, Plaintiff filed suit against Defendant Kernan in relation to his placement in the step down program. See Toscano v. Kernan, No. 1:16-cv-01554-EPG (E.D. Cal.) ("Toscano I"). The matter was assigned to the Honorable Erica Grosjean, U.S. Magistrate Judge. Judge Grosjean ordered the Office of the Attorney General to respond to Plaintiff's motion for injunctive relief. Judge Grosjean granted Defendants' request to seal documents. She also dismissed Plaintiff's complaint with leave to amend and denied his motion for injunctive relief. Plaintiff filed a motion for reconsideration, which was denied by Judge Grosjean. Plaintiff contends that the denial violated Federal Rule of Civil Procedure 60 and that Judge Grosjean's rulings were inaccurate.

Plaintiff filed the instant action on March 2, 2017. The Court takes judicial notice of the docket in Toscano I and notes that, on April 17, 2017, Judge Grosjean dismissed Plaintiff's second amended complaint with prejudice and without leave to amend on the ground that it failed to state a claim. (Case No. 1:16-cv-01554-EPG, ECF No. 34.)

Plaintiff seeks injunctive relief in relation to the claims raised in Case No. 1:16-cv-01554-EPG, a criminal investigation, a federal investigation, transfer to a different institution, and money damages.

1  **IV.  Analysis**

2      **A.  Judicial Immunity**

3      Plaintiff alleges that Judge Grosjean erroneously ruled against him in Toscano I.

4  Judge Grosjean is entitled to absolute judicial immunity from such claims. See 42 U.S.C.

5  § 1983; In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002).

6  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v.

7  Fisher, 13 Wall. 335, 347 (1871)); Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir.

8  2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. Cnty. of

9  Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

10      **B.  Deputy Attorney General Byron Miller**

11      Defendant Miller represented the defendants in Toscano I by opposing Plaintiff's

12  motion for injunctive relief and by submitting certain documents under seal. Plaintiff does

13  not state any violation of his rights arising out of this representation. In any event, these

14  actions do not subject Defendant Miller to liability under section 1983. Defendant Miller is

15  absolutely immune under Section 1983 for actions taken in defending the State in suits

16  brought against it. Bly–Magee v. California, 236 F.3d 1014, 1016 (9th Cir. 2001); Fry v.

17  Melaragno, 939 F.2d 832, 835–36 (9th Cir. 1991); Imbler v. Pachtman, 424 U.S. 409,

18  431 (1976); Murphy v. Morris 849 F.2d 1101, 1105 (8th Cir.1988).

19      **C.  Challenges to Case No. 1:16-cv-01554-EPG**

20      Plaintiff cannot seek relief in this action from orders issued in other cases. To

21  obtain review of the decisions issued Toscano I, Plaintiff must file a motion in that case

22  or seek appellate review of that judgment.

23      **D.  Leave to Amend**

24      In general, a pro se Plaintiff is entitled to leave to amend unless "it appears

25  beyond doubt that the plaintiff can prove no set of facts in support of his claim which

26  would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)

27  (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad

28  faith, prejudice and futility." Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, 818

F.2d 1276, 1293 (9th Cir. 1983); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

In this instance, the Court finds that amendment of the complaint would be futile. Plaintiff cannot herein challenge the rulings in another action, nor can he proceed against Defendants who are immune from suit. Leave to amend will be denied.

**V.    Conclusion and Order**

Based on the foregoing, Plaintiff's complaint does not state a cognizable claim for relief and the defects cannot be cured by amendment. Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with prejudice and without leave to amend for failure to state a claim upon which relief may be granted;
2. The Clerk of the Court shall terminate all pending motions and close the case; and
3. Dismissal counts as a strike pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   April 18, 2017              /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

5