UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BENJAMIN K. TOSCANO,

  Plaintiff,

 v.

SCOTT KERNAN et al.,

  Defendants.

CASE NO. 1:17-cv-00292-MJS (PC)

**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN MATTER TO A DISTRICT JUDGE**

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND**

(ECF NO. 1)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 6.) No other parties have appeared in this action.

On March 07, 2017, the undersigned screened Plaintiff's complaint and dismissed it for failure to state a claim. (ECF No. 8.) Plaintiff appealed. (ECF No. 10.) On January 25, 2018, the Ninth Circuit Court of Appeals vacated the dismissal and remanded on the

ground that the undersigned lacked jurisdiction to issue such an order. (ECF Nos. 16, 17.)

The case has been reopened and Plaintiff's complaint is again before the Court for screening. (ECF No. 1.)

**I.      Williams v. King**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a magistrate judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to magistrate judge jurisdiction if all parties have not consented. Williams, 875 F.3d, at 501. Since the Defendants were not yet served and had not appeared or consented to magistrate judge jurisdiction, the Ninth Circuit vacated this Court's dismissal on the ground that it had no jurisdiction to dismiss. (Id.) The Ninth Circuit did not reach the merits of the undersigned's screening order.

Because the undersigned nevertheless stands by the analysis of Plaintiff's claims set forth in the previous screening order, the undersigned will below recommend to the District Judge that the complaint be dismissed without leave to amend for failure to state a claim.

**II.     Findings and Recommendations on First Amended Complaint**

    **A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Plaintiff's Allegations in the Complaint

Plaintiff is incarcerated at Pelican Bay State Prison, but complains of acts that occurred at Corcoran State Prison. He names the following defendants: (1) CDCR Director Scott Kernan, (2) CDCR DRR Director J. Macomber, (3) DRB Member and "Chief of CSU" B. Moak, (4) DRB Member and Correctional Counselor I E. Park,

1  (5) Correctional Lieutenant M. Lujan, (6) Deputy Attorney General Byron Miller, and
2  (7) Magistrate Judge Erica P. Grosjean.

His allegations may be summarized essentially as follows:

On September 23, 2016, Plaintiff filed suit against Defendant Kernan in relation to his placement in the step down program. See Toscano v. Kernan, No. 1:16-cv-01554-EPG (E.D. Cal.) ("Toscano I"). The matter was assigned to the Honorable Erica Grosjean, U.S. Magistrate Judge. Judge Grosjean ordered the Office of the Attorney General to respond to Plaintiff's motion for injunctive relief. Judge Grosjean granted Defendants' request to seal documents. She also dismissed Plaintiff's complaint with leave to amend and denied his motion for injunctive relief. Plaintiff filed a motion for reconsideration, which was denied by Judge Grosjean. Plaintiff contends that the denial violated Federal Rule of Civil Procedure 60 and that Judge Grosjean's rulings were inaccurate.

Plaintiff filed the instant action on March 2, 2017. The Court takes judicial notice of the docket in Toscano I and notes that, on April 17, 2017, Judge Grosjean dismissed Plaintiff's second amended complaint with prejudice and without leave to amend on the ground that it failed to state a claim. (Case No. 1:16-cv-01554-EPG, ECF No. 34.)

Plaintiff seeks injunctive relief in relation to the claims raised in Case No. 1:16-cv-01554-EPG, a criminal investigation, a federal investigation, transfer to a different institution, and money damages.

**D.    Analysis**

**1.    Judicial Immunity**

Plaintiff alleges that Judge Grosjean erroneously ruled against him in Toscano I. Judge Grosjean is entitled to absolute judicial immunity from such claims. See 42 U.S.C. § 1983; In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)); Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. Cnty. of

4

Riverside, 183 F.3d 962, 967 (9th Cir. 1999)). This claim is not cognizable and should be dimissed.

### 2. Deputy Attorney General Byron Miller

Defendant Miller represented the defendants in Toscano I by opposing Plaintiff's motion for injunctive relief and by submitting certain documents under seal. Plaintiff does not state any violation of his rights arising out of this representation. In any event, these actions do not subject Defendant Miller to liability under section 1983. Defendant Miller is absolutely immune under Section 1983 for actions taken in defending the State in suits brought against it. Bly–Magee v. California, 236 F.3d 1014, 1016 (9th Cir. 2001); Fry v. Melaragno, 939 F.2d 832, 835–36 (9th Cir. 1991); Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Murphy v. Morris 849 F.2d 1101, 1105 (8th Cir.1988). This claim is not cognizable and should be dismissed.

### 3. Challenges to Case No. 1:16-cv-01554-EPG

Plaintiff cannot seek relief in this action from orders issued in other cases. To obtain review of the decisions issued Toscano I, Plaintiff must file a motion in that case or seek appellate review of that judgment.

### 4. Leave to Amend

In general, a pro se Plaintiff is entitled to leave to amend unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice and futility." Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1276, 1293 (9th Cir. 1983); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

In this instance, the Court finds that amendment of the complaint would be futile. Plaintiff cannot herein challenge the rulings in another action, nor can he proceed against Defendants who are immune from suit. Leave to amend should be denied.

**III.    Conclusion and Recommendation**

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 6.) However, no defendants have appeared or consented. Accordingly, the Clerk's Office is HEREBY DIRECTED to randomly assign this matter to a district judge pursuant to Local Rule 120(e).

Additionally, Plaintiff's complaint fails to state a cognizable claim. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED without leave to amend.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    February 22, 2018              /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE